ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 25 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ARMANDO GUERRA, <br> Plaintiff, | * <br> * <br> * |
| v. | * Civil No. 3:04-CV-1167-H <br> * |
| MICROSOFT CORPORATION, <br> Defendant. | * <br> * <br> * |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Leave to Designate Responsible Third Parties, filed September 20, 2004, and Plaintiff's Response, filed October 12, 2004. Microsoft seeks to add as responsible third parties under Chapter 33 of the Texas Civil Practices and Remedies Code ("the Code"). TEX. CIV. PRAC. & REMEDIES CODE §§ 33.004, 33.011(6) (Vernon's Supp. 2004). Chapter 33 of the Code is limited to actions sounding in tort or in the Texas Deceptive Trade Practices-Consumer Protection Act. *See id.* § 33.002(a).

Plaintiff Guerra ("Guerra") seeks to hold Microsoft Corporation ("Microsoft") liable under a theory of negligent training and supervision of repair work performed by Guerra on a water source heat pump. (Pl.'s Compl. at 2-3). Guerra was performing his duties as an employee of Grubb & Ellis Management Services, Inc. at the time of the alleged negligence, when, according to Guerra, oil was sprayed onto Guerra and ignited, injuring him. (*Id.*).

Microsoft seeks to add responsible third parties under various theories of indemnification and/or contribution claims based in tort: Hugo Calvillo under a theory of negligence; Robert Sloane

under, *inter alia*, a theory of negligent training; Grubb & Ellis Management Services, Inc. under, *inter alia*, a theory of negligent training; and McQuay International under a theory of product liability. (Def.'s Mot. to Designate Third Parties at 3-6). *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986).

Plaintiff opposes Defendant's Motion under Chapter 33, arguing that Federal Rule of Civil Procedure 14 is more appropriate in the instant action. (Pl.'s Resp. at 1.) Additionally, the Court may join third party defendants to an action under Federal Rule of Civil Procedure 14(a). FED. R. CIV. PRO. 14(a). *See Kelley v. Wal-Mart Stores, Inc.*, 224 F.Supp.2d 1082, 1084 (E.D. Tex. 2002). The Federal Rules, including Rule 14(a), "govern the procedure in United States district courts in all suits of a civil nature . . . ." FED. R. CIV. PRO. 1.

To the extent that the rules conflict, Federal Rule 14 must take priority, as it is procedural in nature. *See Mills v. Davis Oil Co.*, 11 F.3d 1298, 1304 (5th Cir. 1994) ("In the absence of a valid Federal Civil Rule addressing the point, the Court must determine whether a particular rule is procedural or substantive . . . ."). Since Section 33.004 of the Code is only a joinder statute, and contribution and indemnity actions are allowed under Sections 33.006 and 33.007 of the Code, "no substantive provisions of Texas law are being ignored by this court's ruling" to use Federal Rule 14 to determine whether to add third party defendants to the case. *See Kelley v. Wal-Mart Stores, Inc.*, 224 F.Supp.2d 1082, 1084 (E.D. Tex. 2002).

In cases arising under diversity jurisdiction, the Court's may exercise supplemental jurisdiction over third party state claims where jurisdiction is not defeated by adding the parties. *See* 28 U.S.C. § 1367(a), (b). The Court finds the third party claims to be based in the same "nucleus of operative fact" as to form part of the same case or controversy as Plaintiff's Complaint against

Defendant Microsoft. *See Jinks v. Richland County, S.C.*, 538 U.S. 456 (2003); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003); *see Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir. 1990). Therefore, the Court must exert supplemental jurisdiction over the claims under 28 U.S.C. § 1367(a) unless one of the factors under 28 U.S.C. § 1367(c) is present. Since the contribution and/or indemnity actions are related to the underlying case and the evidence to be submitted form the "crux" of Plaintiff's case, the Court finds the exercise of supplemental jurisdiction appropriate.

Therefore, Microsoft's Motion to Add Third Party Defendants Hugo Calvillo, Robert Sloane, Grubb & Ellis Management Services, Inc., and McQuay International is **GRANTED**.

SO ORDERED.

DATED: October 25, 2004

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS